**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8-24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| Michael Goldberg, *on behalf of* Javier Perales; Michael Passino *on behalf of* Allison Passino; and John Griffith *on behalf of* Jackson Griffith, individually and on behalf of all others similarly situated, | Adversary Pro. No. 8:25-ap-00347-RCT |
| Plaintiffs, | |
| v. | |
| AMERICAN MOMENTUM BANK, | |
| Defendant. / | |

**THE PLAINTIFFS' MOTION FOR STATUS**
**CONFERENCE REGARDING THE PLAINTIFFS' MOTION TO**
**APPOINT INTERIM CLASS COUNSEL AND THE STATUS OF DISCOVERY**

The Plaintiffs—Michael Goldberg on behalf of Javier Perales, Michael Passino on behalf of Allison Passino, and John Griffith on behalf of Jackson Griffith—respectfully request that this Court set a status conference to address the Plaintiffs' Motion to Appoint Interim Counsel [DE 4] and the status of discovery.

The parties have conferred about both matters. The Defendant does not intend to take a position on the Motion to Appoint Interim Counsel, and so the Plaintiffs request that the Court set a hearing to adjudicate the Motion.

1

As for discovery, the parties have been unable to agree to a path forward, and the Plaintiffs fear that this case will be stalled from the outset without the Court's guidance. This case presents urgent and compelling circumstances: the Plaintiffs are the beneficiaries of life-sustaining special needs trusts which were compromised by bad actors with the Defendant's knowing support and substantial assistance. Given the Plaintiffs' dependence on these funds, this case should be litigated quickly and efficiently, with minimal procedural delays. Accordingly, the Plaintiffs seek the opportunity to appear before the Court and seek the Court's input on the timing of discovery.

In support, the Plaintiffs state as follows:

1. On October 8, 2025, the Plaintiffs filed their Class Action Complaint against the Defendant, American Momentum Bank. *See* Compl. [DE 1].

2. The Defendant accepted service via email on October 9, 2025. *See* Certificate of Service [DE 9].

3. The same day, the Plaintiffs filed their Motion to Appoint Interim Class Counsel, which, with the support of the Chapter 11 Trustee, seeks to appoint the law firm Kozyak Tropin & Throckmorton as the Plaintiffs' Interim Class Counsel. *See* Pls.' Mot. to Appoint Interim Class Counsel [DE 4].

4. The parties have conferred, and the Defendant has stated that it does not take a position on the Plaintiffs' Motion to Appoint Interim Class Counsel.

5. The parties have also conferred on imminent discovery issues and are unable to agree on a path forward.

6. The Plaintiffs have requested the parties move forward with a meeting of the parties pursuant to Rule 7001-1(h) of the Middle District of Florida Bankruptcy Court's Local Rules, and

thereafter, begin discovery in coordination with the Chapter 11 Trustee so as to minimize duplicative efforts or expenses.

7. The Defendant opposes speedy discovery and a meeting of the parties as premature.

8. Local Rule 7001-1 provides a timeline for the Court to set a status conference "at any time after a responsive pleading is filed but, in any event, approximately 90 days after the complaint is filed." Bankr. M.D. Fla. L. R. 7001-1(i).

9. Local Rule 7001-1(h) in turn, provides that the meeting of the parties occur "[a]t *least* 14 days prior to the pretrial or status conference." Bankr. M.D. Fla. Loc. R. 7001-1(h) (emphasis added).

10. While these rules set outside boundaries by which the status conference and the meeting of the parties *must* occur, they do not set a starting line before which the status conference and meeting of the parties *cannot* occur. These rules should be read in favor of promoting a "just, speedy, and inexpensive determination of every case, contested matter, and adversary proceeding," *id.* 1001-1(b), not as roadblock to case progression. This notion is doubly true considering the context of this case—returning funds to individuals especially in need.

11. The Plaintiffs intend to continue working collegially with the Defendant in finding a way to conduct discovery efficiently and fairly, but are concerned that a delay in a meeting of the parties and commencement of discovery will prolong beneficiary recovery. At this juncture, therefore, the Plaintiffs seek this Court's guidance so the parties may proceed productively.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant this motion and hold a status conference to guide the parties on the status of discovery and the Plaintiffs' Motion to Appoint Interim Class Counsel.

## C<small>ERTIFICATE OF</small> C<small>ONFERRAL</small>

The parties have conferred, and the Defendant takes no position on the Plaintiffs' Motion to Appoint Interim Class Counsel. The Defendant opposes the request for a status conference to address discovery.

Respectfully submitted on November 6, 2025.

By: */s/ Meaghan Goldstein, Esq.*
Meaghan Goldstein, Esq.
Florida Bar No. 1024796
mgoldstein@kttlaw.com
Benjamin J. Widlanski, Esq.
Florida Bar No. 1010644
bwidlanski@kttlaw.com
Tal J. Lifshitz, Esq.
Florida Bar No. 99519
tjl@kttlaw.com
Harley S. Tropin, Esq.
Florida Bar No. 241253
hst@kttlaw.com
Yarden (Jordan) Benatar
Florida Bar No. 1049274
jbenatar@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone:   (305) 372-1800
Facsimile:   (305) 372-3508

*Counsel for the Plaintiffs and the Putative Class*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2025, a true copy of the foregoing has been filed with the Clerk of the Court using CM/ECF and is served on all counsel or parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/Meaghan Goldstein, Esq.*
Meaghan Goldstein, Esq.