ORDERED.

**Dated:  November 24, 2025**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

The Center for Special Needs
Trust Administration, Inc.,

      Debtor.

_____ /

Michael Goldberg, *on behalf of* Javier
Perales; Michael Passino *on behalf of*
Allison Passino; and John Griffith *on
behalf of* Jackson Griffith, individually
and on behalf of all others similarly situated,

      Plaintiffs,

v.

American Momentum Bank,

      Defendant.

_____ /

Case No. 8:24-bk-00676-RCT
Chapter 11

Adv. No. 8:25-ap-00347-RCT

**ORDER GRANTING, IN PART, AND DENYING, IN PART,
DEFENDANT'S MOTION TO STAY LITIGATION AND TO STAY DISCOVERY**

THIS PROCEEDING was considered on November 21, 2025, for hearing upon, *inter alia*, the Motion to Stay Litigation and Stay Discovery (Doc. 18) (the "Motion") filed by Defendant American Momentum Bank (the "Bank"), and the opposition to the Motion (Doc. 26) filed by Plaintiffs Michael Goldberg, *on behalf of* Javier Perales; Michael Passino *on behalf of* Allison Passino; and John Griffith *on behalf of* Jackson Griffith, individually and on

behalf of all others similarly situated (the "Plaintiffs"). Upon due consideration of the papers, together with the record both in this proceeding and the underlying bankruptcy case, and after hearing the arguments of counsel, the Court, for the reasons stated on the record, determined that the Motion should be granted in part and denied in part. The Court further determined that a case management order setting forth deadlines and setting a Rule 16(a)[1] status conference should issue. Accordingly, it is

**ORDERED**:

1.    The Motion (Doc. 18) is **GRANTED, in part,** and **DENIED, in part,** as follows.

2.    Defendant's request to stay this litigation is **DENIED**.

3.    Defendant's separate request to stay discovery in this proceeding is **GRANTED, in part**, but otherwise **DENIED**.

4.    Discovery in this proceeding shall be stayed to the limited extent that the parties may not request or engage in depositions either by oral examination or by written questions until January 16, 2026, or later date established by subsequent order of this Court.

5.    Discovery in this proceeding shall otherwise proceed in the ordinary course under applicable Local Rules and Federal Rules of Bankruptcy Procedure.

6.    The Court shall issue a Case Management Order setting forth deadlines that shall govern matters going forward. The Case Management Order shall also set a Rule 16(a) status conference in late January.

Attorney Donald R. Kirk is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of its entry.

---

[1] Fed. R. Civ. P. 16(a) made applicable by Fed. R. Bankr. P. 7016.