## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                               Chapter 11

     Debtor.

_____

Michael Goldberg, *on behalf of* Javier              Adversary Pro. No. 8:25-ap-00347-RCT
Perales; Michael Passino *on behalf of*
Allison Passino; and John Griffith *on*
*behalf of* Jackson Griffith, individually
and on behalf of all others similarly situated,

     Plaintiffs,                                      CLASS ACTION

v.

AMERICAN MOMENTUM BANK,

     Defendant.
_____/

### PLAINTIFFS' UNOPPOSED
### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

The Plaintiffs, Michael Goldberg, on behalf of Javier Perales; Michael Passino on behalf of Allison Passino; and John Griffith on behalf of Jackson Griffith, individually and on behalf of all others similarly situated, file this Unopposed Motion to Compel Compliance with Subpoena relating to a subpoena the Plaintiffs served on Cherry Bekaert Advisory, LLC. The Subpoena seeks production of certain tax-related documents that, under federal privacy laws, Cherry Bekaert may only produce with either the client's consent or a court order. Cherry Bekaert has been unable to obtain consent from the relevant client—Leo Govoni, who is incarcerated awaiting trial and for whom the Plaintiffs and Cherry Bekaert can identify no civil counsel. Accordingly, the Plaintiffs

seek an order from this Court compelling production so that Cherry Bekaert may comply with both the Subpoena and relevant tax-material privacy laws.

### Background

On October 8, 2025, the Plaintiffs filed their Class Action Complaint against the Defendant, American Momentum Bank. *See* Compl. [DE 1]. The Complaint alleges that, with the Bank's knowledge and assistance, the Center for Special Needs Trust Administration—through its founder, Leo Govoni—improperly siphoned more than $100 million from beneficiaries' trusts and into Govoni's personal and business accounts. *See generally id.* Govoni has been indicted for this conduct and is detained pretrial. *See United States v. Govoni*, Case No. 8:25-cr-299-WFJ-NHA [DE 1, 37].

On December 18, 2025, the Plaintiffs served a subpoena duces tecum on accounting firm Cherry Bekaert, seeking documents and communications concerning the Center, Govoni, and Govoni's affiliated businesses. *See* Cherry Bekaert Subpoena, attached hereto as **Exhibit A**. The Plaintiffs made eight requests for documents, four of which are at issue in this Motion:

4. Your entire client file for Govoni or any of the Govoni Business Entities. This includes, without limitation, all Documents You relied on in preparing tax returns for Govoni or any of the Govoni Business Entities.

5. All Communications between You and Govoni, Gregory, Staunton, Belisle, Witeck, or any of the Govoni Business Entities.

6. All Communications, whether internal or external, relating to Govoni, Gregory, Staunton, Belisle, Witeck, or any of the Govoni Business Entities.

7. All Documents and Communications, whether internal or external, relating to any inconsistencies, suspicious activity, or fraud indicators You or Your internal databases or software noted relating to the Center for Special Needs Trust Administration, Govoni, or any of the Govoni Business Entities.

*See id.* at 16.

Cherry Bekaert and the Plaintiffs have since conferred in good faith to coordinate a production responsive to the Plaintiffs' subpoena. On February 6, 2026, Cherry Bekaert made an

initial production to the Plaintiffs, satisfying the Subpoena in part.[1] Cherry Bekaert has explained, however, that it is unable to produce additional responsive documents absent Govoni's consent or a court order, as required under 26 U.S.C. §7216. *See* Cherry Bekaert Objections to Subpoena at ¶ 1, attached hereto as **Exhibit B** (objecting on the basis that "production is prohibited by applicable law, including but not necessarily limited to 26 U.S.C. §7216 and the regulations codified at 26 CFR § 301.7216 *et seq.*," and confirming that "CB will require a court order or consent to release such records and information from each specific client.").

Cherry Bekaert has informed the Plaintiffs' counsel that it attempted to seek Govoni's consent by contacting two of Govoni's former lawyers, both of whom advised Cherry Bekaert that they no longer represent Govoni. Neither the Plaintiffs' counsel nor the Chapter 11 Trustee's counsel are aware of any other civil counsel through whom Govoni may be contacted in jail.[2]

### The Law

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. "Under Rule 45, a party may subpoena documents in a nonparty's possession and require a nonparty to testify at a deposition." *Smartmatic USA Corp. v. Lindell*, 2023 WL 4532604, at *1 (M.D. Fla. July 13, 2023).

---

[1] Cherry Bekaert's first production includes documents relating to entities for which it was able to obtain client consent through Michael Goldberg in his capacity as Chapter 11 Trustee.

[2] In his criminal case, Govoni is represented by the Federal Public Defender's Office. The Plaintiffs believe this matter would be beyond the scope of the FPD's representation.

Under 26 U.S.C. § 7216 and related regulations, a tax preparation business (such as Cherry Bekaert) is barred from disclosing a client's tax-related documents without the client's consent or a court order. Section 7216(a) provides, in relevant part, that

> Any person who is engaged in the business of preparing, or providing services in connection with the preparation of[] returns of the tax imposed by chapter 1, or any person who for compensation prepares any such return for any other person, [shall not] (1) disclose[] any information furnished to him for, or in connection with, the preparation of any such return, or (2) use[] any such information for any purpose other than to prepare, or assist in preparing, any such return.

Section 7216(b) provides an exception to this rule, allowing for disclosure of these materials "pursuant to any other provision of this title, or[] pursuant to an order of a court." Likewise, 26 C.F.R. § 301.7216-2(f) states that "[t]he provisions of section 7216(a) . . . will not apply to any disclosure of tax return information if the disclosure is made pursuant to . . . The order of any court of record, Federal, State, or local."

Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 37(a) of the Federal Rules of Civil Procedure state that a party may move for an order compelling disclosure or discovery after the requesting party, in good faith, has attempted to confer with the person failing to make disclosure or discovery in an effort to obtain it without court action.

## Discussion

Courts in the Eleventh Circuit routinely grant motions to compel nonparty compliance with a subpoena where, as here, the nonparty does not oppose the subpoena's substance and seeks only a court order directing compliance. *See, e.g.*, *Bumpus v. Nat'l Credit Sys., Inc.*, 2017 WL 3836116, at *1 (N.D. Ga. Jan. 31, 2017) (granting unopposed motion to compel compliance with a subpoena to a nonparty credit bureau for the plaintiff's credit report where federal law permits disclosure only upon entry of a court order); *Smartmatic USA Corp. v. Lindell*, 2023 WL 4532604, at *2

4

(M.D. Fla. July 13, 2023) (granting motion to compel compliance with a nonparty subpoena where the nonparty stated it would comply only upon entry of a court order).

Here, the parties have conferred in good faith and cooperated to the extent possible absent Govoni's consent or a court order. The documents being sought are directly relevant to the Plaintiffs' claim: the requested documents will shed light on how commingled transactions and funds pilfered from the Plaintiffs were recorded for tax and accounting purposes; identify recipient entities; and reveal inconsistencies or badges of fraud. Counsel for Cherry Bekaert has informed the Plaintiffs that responsive documents have been compiled and prepared for production and are segregated pending an order from this Court.

Accordingly, the Plaintiffs respectfully request that the Court grant their Unopposed Motion to Compel Compliance with Subpoena and enter an order directing Cherry Bekaert to comply with the Plaintiffs' subpoena by producing the materials responsive to Request Nos. 4, 5, 6, and 7, to the extent production would otherwise be prohibited under 26 U.S.C. § 7216.

### CERTIFICATE OF CONFERRAL

The Plaintiffs have conferred with nonparty Cherry Bekaert, who does not oppose the relief sought.

Respectfully submitted on February 12, 2026.

By: */s/ Tal J. Lifshitz, Esq.*
Tal J. Lifshitz, Esq.
Florida Bar No. 99519
tjl@kttlaw.com
Benjamin J. Widlanski, Esq.
Florida Bar No. 1010644
bwidlanski@kttlaw.com
Meaghan Goldstein, Esq.
Florida Bar No. 1024796
mgoldstein@kttlaw.com
Yarden (Jordan) Benatar
Florida Bar No. 1049274
jbenatar@kttlaw.com

**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone:    (305) 372-1800
Facsimile:    (305) 372-3508

*Counsel for the Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2026, a true copy of the foregoing has been filed with the Clerk of the Court using CM/ECF and is served on all counsel or parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Tal J. Lifshitz, Esq.*
Tal J. Lifshitz, Esq.

6