# Exhibit B



Anna Hart Mechling, Esq.
(Licensed in Virginia)
Assistant General Counsel
Direct Dial (804) 673-5705
anna.mechling@cbh.com

December 23, 2025

Meaghan Goldstein, Esq.
mgoldstein@kttlaw.com

> *RE:*   **Objections to Subpoena to Cherry Bekaert Advisory, LLC**
> **Goldberg et al. v. American Momentum Bank**
> **M.D. Fla. Bankr. Case No. 8:25-ap-00347-RCT**

Dear Counsel:

Thank you for speaking with me today. As you know, Cherry Bekaert Advisory LLC ("CB") is in receipt of the *Subpoena Duces Tecum* issued on behalf of your clients (the "Subpoena") in the above referenced matter. Please accept this letter as formal notice of CB's objections to the Subpoena.

1.  CB objects to the Subpoena to the extent it requests the production of documents and testimony concerning tax returns, and information used in connection with the preparation of tax returns which production is prohibited by applicable law, including but not necessarily limited to 26 U.S.C. § 7216 and the regulations codified at 26 CFR § 301.7216 *et seq.* A tax preparer may disclose its client's tax records and information only pursuant to a court order or other code provision. *See Id*. 26 U.S.C. 7216(b)(1). CB will require a court order or consent to release such records and information from each specific client.

2.  CB objects to the Subpoena to the extent it seeks disclosure of information protected under the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity. Specifically, without limiting the generality of the foregoing, CB further objects to the Subpoena because the documents requested are potentially covered by the accountant-client privilege pursuant to Fla. Stat. §§ 473.316 and 90.5055. Any privilege that exists would belong to the CB clients or former clients for which documents are requested. Therefore, we will need a written waiver of the privilege by such clients, or an order of the court, before we can produce the documents.

3.  CB objects to the Subpoena to the extent it imposes obligations, expense, and cost on a non-party beyond those permitted and submits that the requested documents and testimony should be requested from the Defendants directly, rather than a non-party.

4.  CB objects to the Subpoena to the extent that it seeks information that is publicly available, documents that are already in the possession, custody, or control of the parties to the underlying litigation, or is duplicative, overlapping, or cumulative of discovery that has been or can be taken of individuals or entities other than CB.

5.  CB objects to the Subpoena as unduly burdensome and overly broad to the extent it calls for the production of "all" documents pertaining to a specific subject on the ground that such requests are overly broad, unduly burdensome, and seek to impose an obligation on a non-party

to perform more than a proportional search for relevant, responsive, and non-privileged information.

6.  CB objects to the Subpoena to the extent it is vague and ambiguous.

7.  CB objects to the Subpoena to the extent it seeks disclosure of confidential, proprietary, or trade secret information provided to CB by other entities or CB's own confidential, proprietary, or trade secret information.

8.  CB objects to the Subpoena to the extent that it requires CB to provide documents or testimony on behalf of third-party entities and/or individuals who are likewise non-parties to the litigation, including but not limited to documents or information for which CB is under an obligation to third parties not to disclose, or documents or information otherwise subject to a third party's confidentiality restrictions, privacy rights, and/or a protective order. To the extent that the Subpoena seeks disclosure of documents containing information of a confidential, personal, proprietary, or sensitive business nature that are non-objectionable, non-privileged, and relevant to this action, CB objects to producing such documents, if any, without an appropriate protective order in place.

9.  CB objects to the time frame for production and testimony in the Subpoena because it does not allow adequate time to search for, gather and produce the documents requested in the Subpoena, properly deal with all objections thereto and, to the extent necessary, coordinate schedules and prepare a witness.

10. CB objects to the Subpoena to the extent it requires the production of documents not within its possession, custody, or control including records for services not performed by CB.

11. CB objects to the Subpoena to the extent that it seeks to impose upon CB an obligation to conduct any more than a diligent search of those locations reasonably expected to contain responsive documents. CB disclaims any obligation and objects to any attempt to collect documents that are unreasonably cumulative or duplicative or where the information contained in such documents can be obtained through other discovery devices that are more convenient, less burdensome, or less expensive.

There may be other objections that CB recognizes as this matter progresses, and CB reserves the right to raise any such objections at a future time. As discussed in our phone conversation, we will review the entities/individuals listed on Exhibit A after the holidays to determine which may be clients or former clients of CB. Once we have determined that information, we will attempt to reach out to such individuals/entities to obtain the appropriate consent forms. I plan to circle back with you once we have a better understanding of the impacted clients and related documents.  I look forward to working with you.

Sincerely,

*/s/ Anna Mechling*

Anna Mechling
Assistant General Counsel
Cherry Bekaert Advisory LLC