# EXHIBIT D

Page 1

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

Case No. 24-bk-00676-RCT

Adv. Case No. 8:25-ap-00347-RCT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:


THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.,


          Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GOLDBERG, ON BEHALF OF JAVIER PERALES, et al.,

               Plaintiff,

          v.

AMERICAN MOMENTUM BANK,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


               United States Bankruptcy Court

               Sam M. Gibbons United States Courthouse

               801 N. Florida Avenue

               Tampa, FL 33602


               February 24, 2026

               9:39 a.m.

B E F O R E :

HON ROBERT A. COLTON

U.S. BANKRUPTCY JUDGE


ECRO:   Wendy Chatham

**HEARING re Continued Motion for Relief From Stay**

**HEARING re Preliminary Hearing on Chapter 11 Trustee's Motion for Authorization to Employ and Pay Ghiglieri and Company's Invoices**

**HEARING re Preliminary Hearing on Motion to Compel on Expedited Basis Transfer of Domain Name Accounts**

**Transcribed by:  Sonya Ledanski Hyde**

**Page 4**

A P P E A R A N C E S :


KOZYAK TROPIN & THROCKMORTON, LLP

     Attorney for Class Plaintiffs

     2525 Ponce de Leon Boulevard, 9th Floor

     Coral Gables, FL 33134


BY:  TAL J. LIFSHITZ

     MEAGHAN GOLDSTEIN


UNDERWOOD MURRAY P.A.

     Attorney for Scott Murray, Michael Goldberg,

     Official Committee of Unsecured Creditors

     100 North Tampa Avenue, Ste 2325

     Tampa, FL 33602


BY:  MEGAN WILSON MURRAY

     ADAM M. GILBERT

Page 5

CARLTON FIELDS

Attorney for American Momentum Bank

4221 W. Boy scout Boulevard, Ste 1000

Tampa, FL 33607


BY:  DONALD R. KIRK

J. RYAN YANT

OLIVIA ZUKOWSKI


BECK REDDEN

Attorney for American Momentum Bank

1221 McKinney Street, Ste 4500

Houston, TX 77010


BY:  MARCOS ROSALES


AKERMAN SENTERFIT

Attorney of Michael Goldberg, Chapter 11 Trustee

401 E. Jackson Street, Ste 1700

Tampa, FL 33602


BY:  STEVEN R. WIRTH

Page 18

this past Friday.

THE COURT:  Three weeks from this past Friday. Okay, great.

Other than the filing of the second piece of litigation, is there anything -- and I did read the status report filed by the Defendants.  Does the Plaintiff have anything in terms of status that you'd like to discuss at this point?

MR. LIFSHITZ:  Your Honor, I don't know if now is the time, but I would just say as to the status report, generally was agreeable to 90 percent of its characterization.  I will say we did not see that before that went in.  But in terms of the recap of the discovery posture to date, I would say it's been very cooperative and collaborative.  We had a lot of discovery issues that we were able to work through.

To the bank's credit, they have made a lot of commitments to produce kind of meaningful buckets of information, including custodial files so that we can get depositions underway.  And we've already identified our first wave.

The only issue that I would have raised, if we were going to talk about this, was the pace of the production.  Because as we're here today, we, the Plaintiffs, have produced more documents to them than what

we've received from the bank, which I think is a little bit unusual given that our requests went out first.  We identified high-priority categories beyond just the ESI, you know, the custodial and search terms issues.

And then I'll say to the Trustee's credit, one of the issues that have been flagged by the bank was, well, the Center has a lot of information that we don't have, and we need to get it.  Now, we understand the urgency and we've proposed an aggressive schedule for this matter.  They didn't serve any document requests on the Trustee.  They didn't subpoena the Trustee.  We coordinated and voluntarily have already pushed out over 70,000 documents -- or pages -- documents to the bank.  And there's more coming.  So --

THE COURT:  Well, I assume they'll be -- there's Rule 26 disclosures obviously, and then there's follow-up discovery I would expect.  And to the extent that the parties can cooperate and make things run smoothly, I strongly encourage it.  It sounds like they're making progress, which is good.

I did note in the case management report that January 30th was the deadline for agreeing on a mediator.  I don't know if that was accomplished.  If it was, you could file a notice and I can include it in the order.  And to the extent that any party including the Trustee would need to have authorization to hire a mediator, I can provide that

Page 20

authorization in the case management order.

MR. LIFSHITZ:  Thank you, Judge.  So I will note on that point the parties have not agreed.  I think because the order hadn't been entered, we were in a little bit of a gray area.  It would be helpful to have in the report that the Court issues a deadline perhaps of a week or two.  We have exchanged some names.

THE COURT:  Okay.

MR. LIFSHITZ:  I understand the bank is considering our most recent proposal.

THE COURT:  Okay.  Very good.  And Mr. Rosales, did you want to add anything?

MR. ROSALES:  And we can agree to that mediator that you have proposed.  And so we can get that --

THE COURT:  Okay, good.  It would be good for me to put it in the order.  That way nobody's under the impression that -- and doesn't have to come back and ask for permission to pay the mediator.

MR. ROSALES:  So then what would you like us to file, Your Honor?  A notice --

THE COURT:  Just who it is.

MR. ROSALES:  Okay.

THE COURT:  And I'll put it in the case management order.  I'm going to enter a case management order through the potential class certification just as the parties had