**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                               Chapter 11

      Debtor.

_____

Michael Goldberg, *on behalf of* Javier                  Adversary Pro. No. 8:25-ap-00347-RCT
Perales; Michael Passino *on behalf of*
Allison Passino; and John Griffith *on*
*behalf of* Jackson Griffith, individually
and on behalf of all others similarly situated,

      Plaintiffs,

v.

AMERICAN MOMENTUM BANK,

      Defendant.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO
TAKE A LIMITED RULE 30(b)(6) DEPOSITION ON CLASS CERTIFICATION**

The Plaintiffs made a noncontroversial request for a limited Rule 30(b)(6) deposition, focused solely on a short list of topics that are critical to class certification and which will streamline written discovery. The Bank's initial outright rejection of this concept prompted the Plaintiffs' Motion for Leave [DE 81]. In the hopes of reaching a resolution, the Plaintiffs have since proposed an even narrower initial Rule 30(b)(6) deposition—limited to only three topics:

1.  Your documents labeled "Worklist History," "Audit History," and "Transactions." These include, by way of example only, AMB_0038402 (an "Audit History"), AMB_0008058 (a "Worklist History"), and AMB_0037298 (a "Transactions" spreadsheet). This topic is directed at documents that bear similar form, contents, and titles as these three exemplars. This topic should be interpreted to include the source or sources of the information found in these documents, how and why the included data is populated, Your actions taken in response to the listed alerts or other entries, and Your internal coding or abbreviations used in these documents.

2.  Your use of Yellow Hammer BSA. This topic should be interpreted to include Your policies, procedures, and practices relating to Yellow Hammer BSA; how and why Yellow Hammer BSA generates alerts; how those alerts are stored, reported, reviewed, resolved, or otherwise processed; and how Your use of Yellow Hammer BSA relates to Your obligations under the Bank Secrecy Act.

3.  Identification of Your recordkeeping systems regarding opening accounts and monitoring, communicating with, and servicing accounts. This topic is intended to include the types of documents created, databases and software used, Your storage locations (such as on-site servers, computer towers, drives, cell phones, etc.), and Your litigation hold and document destruction practices.

Beyond limiting and more narrowly defining the scope, the Plaintiffs have volunteered a 4-hour limit for this deposition.[1]

The Plaintiffs understand that counsel for the Bank is currently conferring with the Bank about this proposal and requires more time to reach either an agreement or another impasse. The Plaintiffs are optimistic that the Bank will agree to a reasonable, limited deposition and look forward to updating the Court on the status of this matter at tomorrow's Status Conference.

Absent an agreement, the Plaintiffs stand on their Motion. The Plaintiffs' two-staged proposal reduces burden on the parties rather than increasing it: taking testimony on these discrete topics now through a corporate deposition would spare both sides the far greater expense of trying to extract the same answers through successive interrogatories, follow-up document demands, and piecemeal depositions of individual Bank employees who may each possess only a fragment of the relevant knowledge. The Plaintiffs *will* obtain this discovery; the only question is how. A Rule 30(b)(6) deposition is the cheaper, more efficient option. But the Plaintiffs will take the costlier, more laborious path if they must.

The Bank's fallback in its Response—that the Plaintiffs combine every Rule 30(b)(6) topic into a single notice and let the Bank designate witnesses for the full range of subjects—assumes a state of affairs that does not exist. It assumes the Plaintiffs have received enough of the Bank's

---

[1] To avoid later confusion, this 4-hour limit is offered with the intention and understanding that the 30(b)(6) witness provided by the Bank is prepared and capable of answering the questions concerning these three topics.

documents to know what all of those topics should be. This is not the case, because the Bank's productions have been glacial in pace and modest in volume. Forcing the Plaintiffs to compress all potential deposition topics into one notice today presents a false choice: proceed with an incomplete deposition that omits subjects the Plaintiffs cannot yet identify, or postpone *any* deposition until the Bank finishes production—a protracted wait that substantially prejudices the Plaintiffs. This is precisely why the Plaintiffs have proposed such narrow, threshold topics.

While the Plaintiffs remain hopeful that the parties can reach a compromise, the Court can and should adjudicate the Motion if they don't. The cornerstone of the Bank's opposition is that this Motion seeks an impermissible advisory opinion because the Plaintiffs have not yet taken their first Rule 30(b)(6) deposition. That characterization misreads the relief the Plaintiffs seek. The Plaintiffs have placed a binary question before the Court: May the Plaintiffs conduct two Rule 30(b)(6) depositions—a focused one now, on the topics spelled out in the Proposed Notice and further refined here; and a broader one, concerning the more substantive issues, later as discovery matures? The answer to that question carries immediate, concrete consequences. A "yes" means the Plaintiffs move forward with the targeted deposition and reserve additional subjects for a subsequent session. A "no" means the Plaintiffs will hold off on any corporate deposition until they can cover every conceivable topic in a single sitting—a delay that prejudices the case, forces the Plaintiffs to review documents twice (once upon intake and another when there is eventually a witness who can describe how the Plaintiffs should discern them), and has an adverse effect on the class-certification timeline. Either way, the Court's ruling will directly govern the Plaintiffs' next steps. That is not an advisory opinion. It is the resolution of a live dispute the parties cannot resolve on their own.

The Bank's cited authorities do not help it. This is not, as in *Gagliardi*, a "moot" case in which the court "can offer no effective remedy." *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 733

(11th Cir. 2018). Nor is this a "potential discovery dispute[ ] which ha[s] not yet ripened into [an] actual controvers[y]," as in *Lanier. Lanier v. City of Miami*, 2023 WL 8527177, at *3 (S.D. Fla. Dec. 8, 2023). The Plaintiffs' request rests on an already-served Proposed Notice with fully defined topics, preceded by conferral, in which the Bank flatly refused to participate, and now further narrowed by the Plaintiffs in their ongoing effort to avoid requiring the Court's intervention. There is nothing speculative or contingent here.

WHEREFORE, the Plaintiffs respectfully request the Court enter an order granting their Motion for Leave [DE 81].

Respectfully submitted on April 16, 2026.

By: */s/ Tal J. Lifshitz, Esq.*
Tal J. Lifshitz, Esq.
Florida Bar No. 99519
tjl@kttlaw.com
Benjamin J. Widlanski, Esq.
Florida Bar No. 1010644
bwidlanski@kttlaw.com
Meaghan Goldstein, Esq.
Florida Bar No. 1024796
mgoldstein@kttlaw.com
Yarden (Jordan) Benatar
Florida Bar No. 1049274
jbenatar@kttlaw.com
**KOZYAK TROPIN &**
**THROCKMORTON LLP**
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone:   (305) 372-1800
Facsimile:   (305) 372-3508

*Counsel for the Plaintiffs and the*
*Putative Class*

4