ORDERED.

**Dated:  May 02, 2026**

Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                          Case No. 8-24-bk-00676-RCT

THE   CENTER   FOR   SPECIAL   NEEDS   Chapter 11
TRUST ADMINISTRATION, INC.,

     Debtor.

_____/

Michael Goldberg, *on behalf of* Javier Perales;
Michael Passino *on behalf of* Allison Passino;
and John Griffith *on behalf of* Jackson Griffith,
individually and on behalf of all others similarly
situated,

     Plaintiffs,

v.                                                                              Adversary Pro. No. 8:25-ap-00347-RCT

AMERICAN MOMENTUM BANK,

     Defendant.

_____/

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE**
**TO TAKE A LIMITED RULE 30(B)(6) DEPOSITION**

THIS PROCEEDING came before this Court on the *Plaintiffs' Motion for Leave to Take a Limited Rule 30(b)(6) Deposition on Class Certification* (the "Motion," DE 81). Defendant American Momentum Bank filed its *Response to Motion for Leave to Take a Limited Rule 30(b)(6) Deposition on Class Certification* (the "Response," DE 87) opposing the Motion. The Plaintiffs also submitted a Reply (DE 88). The Plaintiffs narrowed the scope of their requested Rule 30(b)(6) deposition to topics that allow the Plaintiffs to understand certain types of documents in the Defendant's production. The Defendant, American Momentum Bank, opposes the relief sought.

The Court, having considered the Motion, the record, and the applicable law, and having heard argument from counsel, determines that the Motion should be **GRANTED in part** as follows. Accordingly, it is

**ORDERED:**

1.  The Plaintiffs shall be permitted to take a limited Rule 30(b)(6) deposition of American Momentum Bank, without prejudice to the Plaintiffs to take testimony on additional topics identified in due course.

2.  This Rule 30(b)(6) deposition shall be limited to the following three topics identified in the Plaintiffs' Reply (DE 88 at 1–2):

    a.  [The Bank's] documents labeled "Worklist History," "Audit History," and "Transactions." These include, by way of example only, AMB_0038402 (an "Audit History"), AMB_0008058 (a "Worklist History"), and AMB_0037298 (a "Transactions" spreadsheet). This topic is directed at documents that bear similar form, contents, and titles as these three exemplars. This topic should be interpreted to include the source or sources of the information found in these documents, how and why the included data is populated, [the Bank's] actions taken in response to the listed alerts or other entries, and [the Bank's] internal coding or abbreviations used in these documents.

    b.  [The Bank's] use of Yellow Hammer BSA. This topic should be interpreted to include [The Bank's] policies, procedures, and practices relating to Yellow Hammer BSA; how and why Yellow Hammer BSA generates alerts; how those alerts are stored, reported, reviewed, resolved, or otherwise processed; and how

[The Bank's] use of Yellow Hammer BSA relates to [The Bank's] obligations under the Bank Secrecy Act.

    c. Identification of [The Bank's] recordkeeping systems regarding opening accounts and monitoring, communicating with, and servicing accounts. This topic is intended to include the types of documents created, databases and software used, [The Bank's] storage locations (such as on-site servers, computer towers, drives, cell phones, etc.), and [The Bank's] litigation hold and document destruction practices.

3. For each of these topics, the Bank shall designate one or more employees or other persons to testify on the Bank's behalf "about information known or reasonably available to the organization" as provided in Rule 30(b)(6).

4. This deposition shall be limited to two (2) hours in duration. Should the Plaintiffs adhere to the contours of the topics set forth above, these two (2) hours will not count against any time limit for depositions to which the parties have otherwise agreed.

**SUBMITTED BY:**

Tal J. Lifshitz
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, FL 33134
Tel:    (305) 372-1800
Email: tjl@kttlaw.com
Counsel for the Plaintiffs and the Putative Class

**COPIES FURNISHED TO:**

Tal J. Lifshitz, who shall serve copies on all interested parties and file a certificate of service.