**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                    Case No. 8-24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                         Chapter 11

     Debtor.

_____

Michael Goldberg *on behalf of* Javier                  Adversary Pro. No. 8:25-ap-00347-RCT
Perales; Michael Passino *on behalf of*
Allison Passino; and John Griffith *on*
*behalf of* Jackson Griffith, individually
and on behalf of all others similarly situated,

     Plaintiffs,

v.

AMERICAN MOMENTUM BANK,

     Defendant.

_____/

**MOTION TO ESTABLISH DEADLINE**
**FOR ANY PARTY TO MOVE TO WITHDRAW THE REFERENCE**

Class Plaintiffs, Michael Goldberg on behalf of Javier Perales, Michael Passino on behalf

of Allison Passino, and John Griffith on behalf of Jackson Griffith (the "**Class Plaintiffs**"), and

Plaintiff Michael Goldberg as Chapter 11 Trustee (the "**Trustee,**" and collectively with the Class

Plaintiffs, the "**Plaintiffs**") each file, in their respective cases, this Motion to Establish Deadline

for Any Party to Move to Withdraw the Reference ("**Motion**") and in support thereof state:

**Introduction**

Plaintiffs have asserted claims with rights to trial by jury under the Seventh Amendment

of the United States Constitution.  Plaintiffs consent to, and always have consented to, this Court

conducting a jury trial.  On the other hand, Defendant, American Momentum Bank ("**AMB**" or

the "**Bank**") stated that it does not consent to the Bankruptcy Court conducting a jury trial or entering final orders and judgments, but it did not seek to withdraw the reference of the District Court's adjudication of such matters to the Bankruptcy Court.[1] AMB has also utilized language suggesting that it may still consent in the future.[2] AMB believes it can have the best of both worlds, refusing to consent to a trial before the Bankruptcy Court, while also preventing the District Court from holding a jury trial by deliberately choosing not to withdraw the reference. Arguably, AMB's intentional gamesmanship is an explicit consent, despite its statement otherwise to this Court.

Rather than risk a contested jury trial before this Court, and in light of AMB's deliberate gamesmanship, Plaintiffs respectfully request the Bankruptcy Court set an appropriate deadline for any party to file a motion to withdraw the reference under Local Rule 5011-1, which specifically references withdrawal by "such other time period as ordered by the Court."

Here, the Plaintiffs would not have "cause" to withdraw the reference until AMB indicated it did not consent to this Court conducting a jury trial, which it did on the last day of the default deadline set forth in Local Rule 5011-1 in the Class Action, and after such deadline in the Estate Case. As such, it is appropriate for the Court to set a deadline for such a withdrawal motion.

### Background

1.      Class Plaintiffs filed a Class Complaint (Class Complaint, Class Action Doc. 1)[3] (the "**Class Complaint**") on October 8, 2025 initiating Adv. Proc. 8:25-ap-00347-RCT (the "**Class Action**"). The Class Complaint asserts a single count against AMB for Aiding and Abetting Breach of Fiduciary Duty.

---

[1] "Bankruptcy Court" refers to the United States Bankruptcy Court for the Middle District of Florida, presiding over Adv. Proc. No. 8:25-ap-00347-RCT and Adv. Proc. No. 8:26-ap-00015-RCT.
[2] Class Action Doc. 41, discussed below.
[3] References to "Class Action Doc. ___" refer to docket entries in the Class Action.

2. The Trustee filed his Complaint (Estate Doc. 1)[4] (the "**Estate Complaint**") on January 22, 2026 initiating Adv. Pro. 8:26-ap-00015-RCT (the "**Estate Case**"). The Estate Complaint asserts eight causes of action against the Bank: Count I – Aiding and Abetting Breach of Fiduciary Duty; Count II – Breach of Fiduciary Duty to the Center; Count III – Avoidance of Improperly Paid Account Fees Pursuant to 11 U.S.C. § 544 and Recovery Under § 550; Count IV – Objection to Bank POC; Count V – Equitable Subordination of the Bank's Claim; Count VI – Breach of Contract and Violation of ACH Agreement; and Count VII – Breach of Contract in Fact.

3. Plaintiffs in both cases demanded a jury trial on all counts triable by jury.

4. The Estate Case and the Class Case are proceeding together for discovery and scheduling purposes. *See* Class Action Doc. 98; Estate Doc. 35.

5. The allegations in both the Class Complaint and the Estate Complaint arise from AMB's pre-petition conduct and its role in enabling the loss of over $100,000,000.00 in beneficiary trust funds. As a result of AMB's conduct, Plaintiffs seek punitive damages.

6. Under the Local Rules for the Bankruptcy Court for the Middle District of Florida ("**Local Rules**"), a party that believes a bankruptcy court does not have the authority to enter final orders in an adversary proceeding must file a motion seeking such a determination "no later than the date set for filing a response to the complaint." Local Rule 7001-1(k)(6).

7. Under Local Rule 5011-1(c), a party that seeks to withdraw the reference must do so "no later than 30 days after service of the initial pleading or such other time period as ordered by the Court." Local Rule 5011-1(c). A motion to withdraw the reference is sent to and decided by the District Court and must assert some "cause" for withdrawal of the reference.

---

[4] References to "Estate Doc. ___" refer to docket entries in the Estate Case.

8.      However, nothing in in either Local Rule addresses what occurs if, as here, a plaintiff consents to the Bankruptcy Court's final adjudication, including by jury trial, and a defendant has not taken any position yet as of the 5011-1 deadline (and therefore, such plaintiff does not have "cause" to withdraw the reference yet), or if the Bankruptcy Court determines that it does not have authority to enter a final order after the initial deadline set forth in Local Rule 5011-1.

### a. *AMB's Position in the Class Action*

9.      In the Class Action, mid-afternoon on the thirty second day after the Class Complaint was filed,[5] AMB filed its Motion to Determine Authority to Enter Final Orders or Judgments in the Class Action on November 10, 2025 (Class Action Doc. 16), asking the Bankruptcy Court to determine that it did not have authority to enter final orders or judgments. The motion also stated that AMB did not consent to a jury trial before the Bankruptcy Court. Notwithstanding this statement, and seemingly with knowledge of the Local Rules, AMB chose not to file a corresponding motion to withdraw the reference even though their non-consent created legitimate "cause" to withdraw the reference.

10.     The Bankruptcy Court subsequently entered an Agreed Order (Class Action Doc. 41) on December 10, 2025, granting [AMB's] Motion to Determine Authority to Enter Final Orders or Judgments stating, "**[a]bsent consent of** American Momentum Bank, this Court will not conduct a jury trial in this action." (emphasis added).  This language is at least suggestive that AMB may still consent to a jury trial before this Court.

---

[5] The thirtieth day fell on a Saturday.

### b. AMB's Position in the Estate Case

11.     Unlike the Class Action, AMB has not filed any motion to determine this Court's authority to enter final orders or judgments in the Estate Case and therefore did not indicate its consent, or non-consent, to a jury trial before this Court within thirty days of the filing of the Complaint.  AMB also chose not to file a motion to withdraw the reference within thirty days.

12.     Instead on February 20, 2026, AMB filed a Motion to Dismiss in the Estate Case (Estate Doc. 14) asking the Bankruptcy Court to dismiss claims "on the merits," i.e., with prejudice. *See id.* at 25.[6]   While not in a stand-alone motion or denoted as such on the docket, AMB sought final relief from this Court, while simultaneously arguing it did not consent to final adjudication by this Court or a jury trial by this Court.[7]  This statement was filed 1 business day before the 30-day default deadline in Local Rule 5011-1.

13.     Two months later, and nearly four months since the Estate Complaint was filed, on April 16, 2026, the Trustee and AMB filed a Joint Case Management Report (Estate Doc. 30), agreeing that the Estate Case was not a core proceeding, and consenting only to the entry of final orders on non-dispositive matters by the Bankruptcy Court (Estate Doc. 30 at 4).  AMB included language that (i) AMB did not consent to "United States Bankruptcy Judge Roberta Colton overseeing **the jury trial** in this proceeding;" and (ii) suggested that the time to file a motion to withdraw the reference had already expired (for any party). *Id.* at 4–5. Even the use of the phrasing "the jury trial" recognized the ongoing right to a jury trial by AMB in the Estate Case despite AMB not filing a motion to withdraw the reference.

---

[6] Filing a motion asking this Court for a dispositive ruling appears to be a consent to this Court exercising such authority.  AMB also filed a Motion to Dismiss and Incorporated Memorandum if Law in the Class Action (Class Action Doc. No. 17), which was denied. *See* Class Action Doc. No. 78.

[7] The Motion to Dismiss was granted in part and denied in part, without prejudice to the Trustee filing an amended complaint (Estate Doc. 41).

14.     AMB seemingly acknowledged, however, that there will be "*the* jury trial" even after the initial Local Rule deadline to withdraw the reference had passed.  This position is juxtaposed with AMB's knowledge that Rule 7001-1(k)(6) explicitly states a "party who fails to timely file such a motion [to determine the Bankruptcy Court cannot enter final orders or judgments] is deemed to have consented to the Bankruptcy Court's entry of final orders and judgments in the proceeding."

15.     The Trustee, on the other hand, took the position that, "[a]bsent [d]efendant's consent to a jury trial or Plaintiffs' withdrawal of their demand for jury trial, it is Plaintiffs' position that the parties should jointly move to withdraw the reference at the time that this matter becomes trial ready, so that the district court may preside over the jury trial in this matter," specifically noting that Trustee intended to raise withdrawal of the reference at forthcoming status conference. *Id.*

### c.     *Facts Applicable to Both Cases.*

16.     As early as December of 2025, the Court asked the parties to confer upon and set a new deadline for any party to file a motion to withdraw the reference.  Plaintiffs in each case advanced such discussions and have proposed potential deadlines that this Court has authority to set.  AMB refuses to confer on a new deadline and never proposed any dates or suggested an earlier, more appropriate date for this Court to set.

17.     AMB seems to believe that through procedural machinations it has managed to achieve a state of paralysis by neither consenting to this Court holding a jury trial and issuing final adjudications nor seeking the available remedy it had when its own positions created the cause necessary to withdraw the reference.  This topic was raised at prior status conferences during which the Court asked the parties to discuss setting a deadline to withdraw the reference due to this

procedural limbo. Ultimately, however, despite creating this procedural issue, AMB takes the position that the deadline has already run and cannot be reset (despite the Local Rule acknowledging this Court can set its own deadline).

18.     At the last Status Conference the Court asked that a motion to set a deadline to withdraw the reference be filed by Plaintiffs to allow AMB an opportunity to respond.[8]

### Argument

19.     In light of AMB's inconsistent positions, and because cause did not exist (at least from Plaintiffs' perspective) until AMB stated its position on this Court conducting a jury trial in each respective case,[9] Plaintiffs request that the Court set a new deadline for any party to file a motion to withdraw the reference, as contemplated in Local Rule 5011-1(c).

20.     AMB should not be rewarded by creating a procedural quagmire, which is the precise type of conduct the doctrine of implied consent is designed to address. *See e.g., Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 685–84 (2015) (explaining that courts can find a party consented to a bankruptcy court's authority from such party's deliberate decisions. That rationale and consent determination is "designed to increase judicial efficiency **and check gamesmanship**.").

21.     This Court's Local Rule explicitly contemplates that a date other than the default 30 days can be and will be set, in appropriate circumstances, by this Court. *See* Local Rule 5011-

---

[8] AMB's position appears to be facial gamesmanship, particularly when viewed in light of the timing of AMB's inconsistent positions taken in both the Class Action and Estate Case. These inconsistencies include (i) asking the Court to rule on dispositive motions to dismiss (not issue recommendations), yet opposing the Court's authority to do so; (ii) stating it does not consent to a jury trial before this Judge Colton, yet not seeking to withdraw the reference; and (iii) stating it does not consent to final adjudication by this Court but failing to file, in the Estate Case, a motion pursuant to Local Rule 7011-1(k)(6).

[9] Even now, AMB has seemingly left open the potential that it will consent to a jury trial, thus leaving the "cause" to withdraw the reference as still uncertain. A new deadline is needed to avoid this gamesmanship.

1(c) (requiring motion to withdraw the reference be filed within 30 days after service of initial pleading "**or such other time period as ordered by the Court**") (emphasis added).[10]

22.     Even if the Court's Local Rule did not contemplate a later deadline being set, the Court has leeway to depart from local rules. *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1985) ("Even though local rules are valid and binding on the parties, their enforcement must be tempered with due consideration of the circumstances.").

23.     Here, the circumstances warrant setting a new deadline contemplated by Local Rue 5011-1(c). The 30-day default deadline in Local Rule 5011-1 does not appear to contemplate the circumstances of these cases, where Plaintiffs consent to holding a jury trial before the Bankruptcy Court and thus cause to withdraw the reference (or desire to do so) would not be applicable during the initial 30-day period until AMB was required to file a response.  A motion to withdraw the reference only became necessary upon AMB's statement that they do not (at least currently) consent to a jury trial before the Bankruptcy Court.

24.     In the Class Action, AMB did not indicate it would not consent to a jury trial in the Bankruptcy Court until the afternoon on the date of the expiration of the 30-day period provided by Local Rule 5011-1.  In the Estate Case, AMB did not disclose its intention in any document so designated, but instead did so in its Motion to Dismiss, which was filed on the eve of the expiration of the 30-day period.  In any case, Plaintiffs' response would have been past the Local Rules' timing.

25.     Despite that history, the parties openly discussed the procedural peculiarity with this Court in discussions of setting a new deadline and addressed it in the Case Management

---

[10] Further, the Local Rules "shall be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every case, contested matter and adversary proceeding." Local Rule 1001-1(b).  Consistent with this goal, the Court is permitted "for good cause … [to] suspend the requirements set forth in these rules and may order proceedings in accordance with its discretion." Local Rule 1001-1(c).

Report.  In other words, Plaintiffs explicitly raised the issue to both AMB and the Court shortly after the issue became ripe.

26.     AMB will not suffer any prejudice from this Court setting a deadline that is necessary based on AMB's own conduct and that the Court has contemplated would be set at several hearings.[11]  These cases are still in early stages—document discovery is not completed and no substantive depositions have been taken.

27.     Due to the current procedural posture of these proceedings, the Bankruptcy Court can, and should, set a new deadline for a party to file a motion to withdraw the reference.

**WHEREFORE**, Plaintiffs respectfully request that this Court establish a deadline for Plaintiffs to file a motion to withdraw the reference and grant such further relief as the Court deems to be just and proper.

Respectfully submitted on July 8, 2026.

By: */s/ Tal J. Lifshitz*
    Tal J. Lifshitz, Esq.
    Florida Bar No. 99519
    tjl@kttlaw.com
    Benjamin J. Widlanski, Esq.
    Florida Bar No. 1010644
    bwidlanski@kttlaw.com
    Meaghan Goldstein, Esq.
    Florida Bar No. 1024796
    mgoldstein@kttlaw.com
    Yarden (Jordan) Benatar
    Florida Bar No. 1049274
    jbenatar@kttlaw.com

By: */s/ Megan W. Murray*
    Megan W. Murray
    Florida Bar Number 0093922
    Scott A. Underwood
    Florida Bar Number 730041
    Adam Gilbert
    Florida Bar Number 1011637
    **UNDERWOOD MURRAY, P.A.**
    100 N Tampa Street, Suite 2325
    Tampa, Florida 33602
    Tel: (813) 540-8401
    mmurray@underwoodmurray.com
    sunderwood@underwoodmurray.com
    agilbert@underwoodmurray.com

    *Special Counsel to the Trustee*

---

[11] Notwithstanding AMB's hopes, the Local Rules cannot be used to divest the district court of jurisdiction. *See In re Engler*, 2010 WL 1708162, *1 (M.D. Fla. Apr. 26, 2010) ("As in *In re Evergreen Security, Ltd.*, 6:02-cv-1247-Orl-31DAB (M.D. Fla. Nov. 19. 2002), the Court finds that the time limitation imposed by Local Rule of the U.S. Bankruptcy Court for the Middle District of Florida 5011-1(b)(2) cannot operate to constrain this District Court's exercise of jurisdiction.").

**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone:   (305) 372-1800
Facsimile:   (305) 372-3508

*Counsel for the Class Plaintiffs and
the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF on July 8, 2026.

*/s/ Tal J. Lifshitz*
Tal J. Lifshitz, Esq.
Florida Bar No. 99519

10