**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

     Debtor.

_____

Michael Goldberg *on behalf of* Javier
Perales; Michael Passino *on behalf of*
Allison Passino; and John Griffith *on
behalf of* Jackson Griffith, individually
and on behalf of all others similarly situated,

     Plaintiffs,

v.

AMERICAN MOMENTUM BANK,

     Defendant.
_____/

Case No. 8-24-bk-00676-RCT

Chapter 11

Adversary Pro. No. 8:25-ap-00347-RCT

CLASS ACTION
JURY DEMAND

## AGREED MOTION FOR LEAVE TO FILE UNDER SEAL

The Class Plaintiffs, Michael Goldberg on behalf of Javier Perales, Michael Passino on

behalf of Allison Passino, and John Griffith on behalf of Jackson Griffith, by and through

undersigned counsel, hereby move this Court pursuant to 11 U.S.C. § 107(c), Federal Rule of

Bankruptcy Procedure 9037, and Local Rule 5005-4(c) for entry of an order authorizing the

Plaintiffs to file their forthcoming Motion for Class Certification and accompanying exhibits under

seal. In support of this Motion, the Plaintiffs state as follows:

1

<u>**LOCAL RULE 7026-1(D) CERTIFICATION**</u>

The parties have conferred on the matters raised in this Motion via email on August 3, 2026, and the Defendant agrees to the relief sought.

**FACTUAL BACKGROUND**

1.  This class action arises from American Momentum Bank's knowing facilitation of a multi-decade fraud scheme through which Leo Govoni, the former director of the Center for Special Needs Trust Administration, Inc. siphoned more than $100,000,000 from special needs trust accounts belonging to over two thousand vulnerable beneficiaries, using the Bank as his conduit and spreading the stolen funds across roughly one hundred bank accounts within the Bank.

2.  Because information exchanged between the parties in discovery contains confidential material, including personal health information and identifying details of the Center's beneficiaries, such as their names, dates of birth, and home addresses, the parties agreed to, and the Court entered, a Protective Order Governing the Protection and Use of Confidential Information (Doc. 114).

3.  Under the Protective Order, documents that include "a Party's assets, liabilities, . . . and financial and business analyses, and compilations, summaries, reproductions," and "information containing private or confidential personal material" may be designated Confidential. *See* Doc. 114 ¶ 7. Likewise, documents that "would create a substantial risk of personal or economic injury that could not be avoided by less restrictive means, such as information that contains PHI," may be designated as Highly Confidential Material. *Id.* ¶ 9.

4.  Before filing Confidential or Highly Confidential Material, the Protective Order requires that the Parties confer "to determine whether the designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted." *Id.* ¶ 15. The Plaintiffs' Motion cites documents

designated as Confidential or Highly Confidential Material, such as Center identifying information of the Center's beneficiaries and documents designated by the Bank as confidential, warranting this Motion.

**BASIS FOR RELIEF**

5.     Under Local Rule 5005-4(c), a motion to file under seal "must state the factual and legal basis for sealing the paper under 11 U.S.C. § 107." Bankr. M.D. Fla. L.R. 5005-4(c)(1).

6.     Section 107(c) provides that "[t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property,": "[a]ny means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title." 11 U.S.C. § 107(c)(1). Section 1028(d) defines "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including . . . "name . . . [and] date of birth[.]" 18 U.S.C. § 1028(d)(7).

7.     "§ 107(c) sets forth a flexible or discretionary standard under which the Court 'may' protect an individual," *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 745 (D. Del. 2018), for the purpose of concealing "information that might make an individual vulnerable to identity theft," *In re Carter*, 411 B.R. 730, 739 (Bankr. M.D. Fla. 2009). Courts have found that sealing documents with personal information such as the names of individuals, their home addresses, and email addresses is appropriate under Section 107(c), especially when those individuals are already at a heightened risk for financial theft. *See In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 637 (Bankr. S.D.N.Y. 2023) (sealing the identity of lenders under 11 U.S.C. § 107(c), explaining that "[t]he publication of names alone has been found to heighten the risk of

identity theft and other harm" especially when the individuals seeking to protect such information are already "at heightened risk of financial or physical harm.").

8.      Federal Rule of Bankruptcy Procedure 9037 provides that "The court may order that a filing be made under seal." Fed. R. Bankr. P. 9037(c).

9.      Section 105(a) of the Bankruptcy Code further empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" Title 11 U.S.C. § 105(a).

10.      Here, the Plaintiffs' Motion for Class Certification cites Bank documents designated as confidential, as well as documents containing personal identifying information of Center beneficiaries. Accordingly, pursuant to the Protective Order, 11 U.S.C. § 107(c), and Federal Rule of Bankruptcy Procedure 9037, this Court should permit the Plaintiffs to file their Motion for Class Certification under seal.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting this Motion and authorizing the Plaintiffs to file their Motion for Class Certification and its supporting exhibits under seal, and granting such other and further relief as the Court may deem just and proper.


Respectfully submitted on August 3, 2026.

By: */s/ Tal J. Lifshitz, Esq.*
Tal J. Lifshitz, Esq.
Florida Bar No. 99519
tjl@kttlaw.com
Benjamin J. Widlanski, Esq.
Florida Bar No. 1010644
bwidlanski@kttlaw.com
Meaghan Goldstein, Esq.
Florida Bar No. 1024796
mgoldstein@kttlaw.com
Yarden (Jordan) Benatar

4

Florida Bar No. 1049274
jbenatar@kttlaw.com
**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134
Telephone:    (305) 372-1800
Facsimile:    (305) 372-3508

*Counsel for the Plaintiffs and the
Putative Class*

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8-24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| Michael Goldberg *on behalf of* Javier Perales; Michael Passino *on behalf of* Allison Passino; and John Griffith *on behalf of* Jackson Griffith, individually and on behalf of all others similarly situated, | Adversary Pro. No. 8:25-ap-00347-RCT |
| Plaintiffs, | CLASS ACTION JURY DEMAND |
| v. | |
| AMERICAN MOMENTUM BANK, | |
| Defendant. | |

**[PROPOSED] AGREED ORDER**
**GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

THIS MATTER came before this Court on the *Plaintiffs' Agreed Motion for Leave to File Under Seal* (the "Motion," DE __). The Court, having considered the Motion, the record, and the applicable law, determines that the Motion should be **GRANTED**. Accordingly, it is

**ORDERED** as follows:

1. The Motion is GRANTED.

2. The Plaintiffs are authorized to file their Motion for Class Certification, together with any supporting declarations or exhibits containing material designated as Confidential

or Highly Confidential – Attorneys' Eyes Only under the Protective Order Governing the Protection and Use of Confidential Information (Doc. 114), under seal via the CM/ECF "Sealed Paper" docket event in accordance with Local Rule 5005-4(e).

3.       The sealed filing shall remain under seal until further order of the Court.

**SUBMITTED BY:**

Tal J. Lifshitz
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, FL 33134
Tel:     (305) 372-1800
Email: tjl@kttlaw.com
Counsel for the Plaintiffs and the Putative Class

**COPIES FURNISHED TO:**

Tal J. Lifshitz, who shall serve copies on all interested parties and file a certificate of service.