ORDERED.

**Dated:  August 11, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

The Center for Special Needs                                Case No. 8:24-bk-00676-RCT
Trust Administration, Inc.,                                 Chapter 11

     Debtor.
_____/

Michael Goldberg, *on behalf of* Javier
Perales; Michael Passino *on behalf of*                     Adv. No. 8:25-ap-00347-RCT
Allison Passino; and John Griffith *on*
*behalf of* Jackson Griffith, individually
and on behalf of all others similarly situated,

     Plaintiffs,
v.

American Momentum Bank,

     Defendant.
_____/

### ORDER GRANTING IN PART PLAINTIFFS'
### MOTION TO COMPEL PRODUCTION OF DOCUMENTS

THIS PROCEEDING came before the Court on August 7, 2026, at 10:00 a.m. (the "Hearing") upon Plaintiffs' Motion to Compel Production of Documents (Doc. 121) (the "Motion") and Defendant's response to the Motion (Doc. 125) (the "Response"). Plaintiffs seek to compel Defendant to produce certain enumerated categories of documents from the personnel files of fourteen (14) current or former employees that the parties have agreed to be

"custodians" and that Plaintiffs seek to depose (the "Custodian-Deponents"). Upon review of the Motion and the Response, together with the record (of which the Court assumes the parties' familiarity) and having carefully considered the arguments of the parties made at the Hearing, the Court finds that the Motion should be granted, in part, as follows. Further, to assist the parties as to any future requests for production of personnel files of the Custodian-Deponents, the Court provides the following guidance. It is therefore

ORDERED:

1.      The Motion (Doc. 121) is **GRANTED in part** as follows. Defendant's objections as argued in the Response are overruled consistent with the Court's ruling below.

2.      Defendant, subject to the same caveats as previously ordered (Doc. 111)[1] and in accord with the guidance below, is hereby directed to produce the personnel files of Custodian-Deponents Tom Olma and Maureen Gallagher. Plaintiffs' request for the personnel files of the remaining 12 Custodian-Deponents is denied, without prejudice, subject to renewal in accordance with the guidance provided herein.

3.      Production of personnel files shall be limited to and will be compelled only if a request is consistent with the following:

a.      The employee for which the personnel file is requested must be a Custodian-Deponent.[2]

b.      Documents subject to production, without limitation, are: (i) job descriptions, (ii) any records of professional licenses, certifications, or examinations, (iii) any employee handbooks and training materials, and (iv) information about the Custodian-Deponent's compensation (including any bonuses, incentive payments, or non-monetary rewards or perks) and if no

---

[1] First, production of the personnel files will be subject to the parties' confidentiality agreement. Second, all personally identifiable information (such as Social Security numbers) must be redacted.
[2] The complete list of Custodian-Deponents is set forth in note 6 of the Motion. Mot. p.7.

longer employed with Defendant, information about any severance or termination agreements.

c.  Documents related to performance evaluations or reviews and those related to disciplinary or misconduct investigations (be they for alleged violations of law or internal policies and procedures) are subject to production only if (i) the documents relate directly or indirectly to the Custodian-Deponent's actions or involvement with the Debtor's or the Govoni-related accounts or (ii) with regard to disciplinary or misconduct matters, the documents relate to allegations of misconduct by the Custodian-Deponent that are similar to the allegations of misconduct alleged in Plaintiffs' complaint regardless of the account holder.

4.  The limited production of personnel files in accordance with the above is without prejudice to Plaintiffs requesting additional documents should matters at the Custodian-Deponent's deposition so warrant. If production of additional documents becomes warranted and those documents are not produced until after the Custodian-Deponent's deposition, Plaintiffs shall be entitled to reasonable, additional deposition time of the Custodian-Deponent notwithstanding any time limit imposed by the rules or agreements of the parties. Any such additional deposition time shall not exceed two hours absent agreement of the parties or express authorization of the Court.

5.  The Court reserves jurisdiction to interpret or enforce this Order.

Clerk's Office to serve by CM/ECF. Proof of service is not required. Local Rule 9013-3(b).